UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Al Ortiz, #24681-056, | ) C/A No. 9:08-3270-HMH-BM |
| Petitioner, | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| John R. Owens, Warden FCI Williamsburg, | ) |
| Respondent. | ) |

The petitioner, Al Ortiz ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief. Petitioner was convicted in the United States District Court for the Eastern District of North Carolina of copyright infringement in violation of 17 U.S.C. § 602, as well as possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g), and is presently an inmate at the Federal Correctional Institution in Salters, South Carolina, a facility of the United States Bureau of Prisons ("BOP"). Because Petitioner's custodian is located within the District of South Carolina, this Court has jurisdiction over Petitioner and his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing Section 2254 Cases[1] and the Anti-Terrorism and Effective Death Penalty Act of 1996. As the Petitioner is a *pro se* litigant, his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). Even when considered under

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 4(b).



this less stringent standard, however, the undersigned finds and concludes that the *pro se* petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Services*, 901 F. 2d 387 (4th Cir. 1990).

## DISCUSSION

Petitioner contends that 28 C.F.R. § 550.58, the BOP policy which implements 18 U.S.C. § 3621(e)(2)(B) concerning eligibility for early release, is invalid under the Administrative Procedures Act. [Petition at 2]. He also claims a violation of his constitutional right of Equal Protection because "the BOP allows § 3621(e) early release for inmates in the 9th Circuit and denies inmates in the 3rd Circuit and others;" see *Arrington v. Daniels*, 516 F.3d 1106, 1116 (9th Cir. 2008); [Petition at 2]; and seeks declaratory, injunctive and habeas relief. Petitioner's claims are without merit.

Title 18 U.S.C. § 3621(e)(2)(B) grants the BOP discretion to reduce, up to one year, the sentence of a prisoner "convicted of a nonviolent offense" who has "successfully complet[ed] a treatment program." The Residential Drug Abuse Treatment Program ("RDAP") is such a program, the successful completion of which could result, at the discretion of the BOP, in early release for prisoners eligible under 28 C.F.R. § 550.58. *See Lopez v. Davis*, 531 U.S. 230 (2001)(BOP regulation categorically excluding prisoners from early release is permissible exercise of BOP's discretion.). However, BOP policy establishes categories of inmates who are *not* eligible for early release upon completion of RDAP, including "[i]nmates whose current offense is a felony: [t]hat involved the carrying, possession, or use of a firearm." Hence, this restriction could be

2

applicable to inmates convicted of violating 18 U.S.C. § 922(g) such as the Petitioner. 28 C.F.R. § 550.58(a)(1)(vi)(B). This Court does not need to reach this question, however, as the Petition fails due to several other infirmities, discussed hereinbelow, not the least of which is that Petitioner does not even allege that he has successfully completed the RDAP or that the BOP has denied him a sentence reduction after such completion.

**Exhaustion of Administrative Remedies**. Petitioner is required to exhaust his administrative remedies before filing a § 2241 petition for writ of habeas corpus. While the exhaustion requirement is not mandated by statute, it "has developed through decisional law in applying principles of comity and federalism[.]" *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986) (citing *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973)); *see also Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Exceptions to the exhaustion requirement apply only in "extraordinary circumstances", and the petitioner must demonstrate the futility of administrative review. *Fuller*, 11 F.3d at 62.

Petitioner concedes that he has not exhausted the administrative remedies available through the BOP's administrative remedies program. [Petition at 3]. Rather, he contends that exhaustion of remedies is "inapplicable or not necessary" in this case because his "claims are solely constitutional in nature, and this Court has jurisdiction over constitutional challenges to B.O.P. regulations or procedures regardless whether those procedures have been exhausted." [Petition at 3]. Petitioner also argues "exhaustion is not necessary in this case" because the BOP issued an internal memorandum on August 11, 2008, which "sets forth which inmates are covered by *Arrington v. Daniels*, 516 R.3d 1106(9th Cir. 2008)", and that "this memorandum unconstitutionally limits due process and equal protection relief to only inmates in the 9th Circuit as if the Bureau of Prisons are

independent operations." [Petition at 3-4].

The argument that Petitioner's claims do not require exhaustion of administrative remedies because they are based on constitutional violations is without merit. Indeed, § 2241 specifically provides that a petition for writ of habeas corpus under § 2241 may be brought by a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, as previously noted, such claims are allowed only after exhaustion absent "extraordinary circumstances". No such circumstances are presented here. Rather, Petitioner simply decided to proceed in federal court prior to pursuing exhaustion. Hence, the petition should be dismissed without prejudice for failure to exhaust administrative remedies.

**Due Process Claim**. Even if Petitioner could show the futility of exhausting administrative remedies, which would excuse the failure to exhaust, *Fuller*, 11 F.3d at 62, the petition should still be dismissed because it fails to state a ground on which habeas relief is currently available. While Petitioner claims his Due Process rights have been violated [Petition at 2], he fails to put forth any allegations to support this stark conclusion.

To state a claim for violation of Due Process, Petitioner must demonstrate that the BOP decision on Petitioner's eligibility for early release based on completion of the RDAP deprived him of a liberty or property interest in violation of the Fifth Amendment. However, Petitioner does not allege a liberty or property interest of which he has been deprived. Convicted prisoners do not have a constitutional right to be conditionally released before a valid sentence has been completed. *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Thus, Petitioner does not have a liberty interest in consideration for early release under 18 U.S.C. § 3621(e) for completion of the RDAP, nor is any property interest identified. Further, as previously noted,



4

Petitioner does not even allege that he has completed the RDAP program. The petition therefore fails to state a Due Process claim.

**Equal Protection Claim**. Petitioner also claims violation of his Equal Protection rights, based on the alleged disparate treatment of similarly situated BOP prisoners. However, to maintain a valid Equal Protection claim Petitioner must show that the BOP is treating him differently from others similarly situated based on intentional or purposeful discrimination. *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001).

Petitioner's argument for disparate treatment is based on the BOP's implementation of a Ninth Circuit decision only in BOP facilities within the Ninth Circuit rather than in all facilities nationwide. See *Arrington v. Daniels*, 516 F.3d at 1116 (9th Cir. 2008) (Invalidating policy on the grounds that the BOP's "promulgation of [28C.F.R. § 550.58] was arbitrary and capricious because it failed to articulate a rationale for its categorical exclusion of a class of nonviolent offenders from eligibility for early release."). Petitioner contends the Ninth Circuit's invalidation of the regulation should be applied to him to secure his early release just as it is being applied to inmates in the BOP facilities in the Ninth Circuit for their early release. However, the petition does not state that Petitioner has even completed the RDAP program, which is a prerequisite for eligibility for early release. 18 U.S.C. § 3621(e)(2)(B) (early release only available to prisoner "after successfully completing a treatment program."). Thus, since Petitioner has not completed the substance abuse program, he is not similarly situated to prisoners in the Ninth Circuit who are eligible for early release based on completion of the RDAP. As such, Petitioner's Equal Protection claim is, at best, premature.

Further, not only must Petitioner be similarly situated, he must show purposeful



5

discrimination for an Equal Protection claim. However, the Ninth Circuit does not have authority outside of the Ninth Circuit; *See Virginia Society for Human Life, Inc. v. FEC*, 263 F.3d 379, 393 (4th Cir. 2001) ("principle that a federal court of appeals's decision is only binding within its circuit"); and the BOP is therefore not required to apply a Ninth Circuit decision nationwide, as Petitioner contends. Petitioner is housed in a BOP facility within the Fourth Circuit's jurisdiction, and the BOP is not required to apply the law established in a Ninth Circuit case, such as *Arrington v. Daniels*, to prisoners housed within the territorial jurisdiction of the Fourth Circuit, nor does a failure by the BOP to apply other Circuits' law in this Circuit constitute discrimination. Hence, the petition fails to state an Equal Protection claim.

**Administrative Procedures Act Claim**. Finally, Petitioner's claim that the BOP violated provisions of the Administrative Procedures Act ("APA") in promulgating 28 U.S.C. § 550.58(a)(i)(vi)(B) is not ripe for adjudication. *Virginia Society for Human Life, Inc. v. FEC*, 263 F.3d 379, 389 (4th Cir. 2001) ("Ripeness concerns the 'appropriate timing of judicial intervention."), quoting *Renne v. Geary*, 501 U.S. 312, 320 (1991). Ripeness, along with standing, mootness, and political question, are "doctrines that cluster about Article III" of the United States Constitution; *Allen v. Wright*, 468 U.S. 737, 750 (1984); and stems from the restriction in Article III that a federal court's jurisdiction is limited to cases or controversies. Ripeness is a doctrine used to evaluate whether an actual case or controversy exists, because a court does not issue advisory opinions and cannot decide a claim that is not ripe. *See Ohio Forestry Association, Inc. v. Sierra Club*, 523 U.S. 726, 732-34 (1998).

To determine whether a claim is ripe, the court must "balance 'the fitness of the issues for judicial decision with the hardship to the parties of withholding court consideration.'" *Franks*

6

*v. Ross*, 313 F.3d 184, 194 (4th Cir. 2002) quoting *Ohio Forestry Ass'n*, 523 U.S. at 733; accord *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967). While the duration of a petitioner's imprisonment relating to a custodian's denial of early release based on alleged misapplication of law is an appropriate issue for a habeas petition, a claim for relief is not ripe for adjudication if it rests upon "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) quoting *Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 580-81 (1985). Here, Petitioner's grounds for relief are not ripe because he has not successfully completed the RDAP, which is a prerequisite to being considered for early release, and he does not allege the BOP has denied him early release. Petitioner's eligibility for participation in and successful completion of the RDAP, which must occur to create his eligibility for early release under 18 U.S.C. § 3621(e)(2)(B), are future contingencies. Hence, at this stage, the duration of Petitioner's imprisonment based on possible early release is not a controversy, and the length of Petitioner's imprisonment would be unaffected by this Court's dismissal of the petition without prejudice. *Miller v. Brown*, 462 F.3d 312, 319 (4th Cir. 2006)[A case is ready for judicial decision "when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties."].

## **RECOMMENDATION**

Rule 4 of the Rules Governing Section 2254 Cases states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Accordingly, it is recommended that the Court dismiss the petition without prejudice and without requiring a response from the Respondent.

7

Petitioner is referred to the notice page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

December 11, 2008

Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



9