IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Al Ortiz, #24681-056, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 9:08-3270-HMH-BM |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| John R. Owens, Warden FCI Williamsburg, | ) | |
| | ) | |
| Respondent. | ) | |

    This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bristow Marchant made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Al Ortiz ("Ortiz"), proceeding pro se, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241.  In his Report and Recommendation, Magistrate Judge Marchant recommends dismissing the petition without prejudice and without requiring a response from Respondent.  For the reasons set forth below, the court adopts the Report and Recommendation and dismisses the petition.

### I. FACTUAL AND PROCEDURAL BACKGROUND

    Ortiz is an inmate at the Federal Correction Institution in Salters, South Carolina, a United States Bureau of Prisons' ("BOP") facility.  He was convicted of copyright infringement in

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (2006).

1

violation of 17 U.S.C. § 602 and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) in the United States District Court for the Eastern District of North Carolina.[2]

Ortiz alleges that he is not eligible for certain treatment programs that provide for early release pursuant to 28 C.F.R. § 550.58. Ortiz contends that § 550.58 is invalid under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 551, et. seq., and violates his constitutional rights of Equal Protection and Due Process. Section 550.58 is a BOP regulation which implements 18 U.S.C. § 3621(e)(2)(B) concerning the eligibility for early release for prisoners who successfully complete treatment programs including the Residential Drug Abuse Treatment Program ("RDAP") at issue in this case. See 18 U.S.C. § 3621(e)(2). According to § 550.58(a), "inmates whose current offense is a felony . . . [t]hat involved the carrying, possession, or use of a firearm or other danger weapon" are ineligible for early release. § 550.85(a)(vi)(B). Ortiz has been convicted of being a felon in possession of a firearm.

Specifically, Ortiz challenges § 550.58 based on the BOP's implementation of a Ninth Circuit decision, Arrington v. Daniels, 516 F.3d 1106, 1114-16 (9th Cir. 2008). In Arrington, the Ninth Circuit held that § 550.58 is arbitrary and capricious because it fails to articulate a rationale for its categorical exclusion of a class of nonviolent offenders from eligibility for early release. 516 F.3d at 1116. The BOP has only applied the Arrington holding to inmates within the Ninth Circuit. Ortiz argues that the Ninth Circuit's invalidation of the regulation should apply to his case just as it applies to inmates within the Ninth Circuit.

---

[2] Because Ortiz's custodian is located within the District of South Carolina, this court has jurisdiction over Ortiz and his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.

2

Magistrate Judge Marchant concluded that Ortiz's petition fails "due to several . . . infirmities . . . not the least of which is that [Ortiz] does not even allege that he has successfully completed the [RDAP] or that BOP has denied him a sentence reduction after such completion." (Report & Recommendation 3.)

## II.  DISCUSSION OF THE LAW

Ortiz filed objections to the Report and Recommendation.  Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that some of Ortiz's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claim.  However, Ortiz raised three specific objections.

First, Ortiz objects to the magistrate judge's conclusion that failure to exhaust administrative remedies precludes judicial review.  Ortiz argues that the exhaustion requirement is futile.  A federal prisoner is "required to exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241."  Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994).  See also Anderson v. Fleming, No. 03-10457, 2003 WL 22391050, at *1 (5th Cir. Oct. 21, 2003) (federal prisoners) (unpublished).  "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly

3

inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." Fuller, 11 F.3d at 62. Exceptions to the exhaustion requirement, however, apply only in "extraordinary circumstances." Id. Ortiz alleges that because

> Washington's–(the 3rd and final level)–assistant director of Correctional Programs Joyce K. Conley sent a 'nationwide' memorandum to all executive (Regional Director-2nd level) and (wardens-1st level) mandating that only inmates in the Ninth Circuit who had firearm possession convictions were 'eligible' for 18 USC 3621(e) incentive to seek treatment . . . . Exhaustion is futile, the 'top guns' have spoken.

(Objections 2-3.) Thus, Ortiz contends that exhaustion is futile because the Ninth Circuit has already decided the issue. Ortiz has failed to show any extraordinary circumstances why the exhaustion requirement is futile. The Ninth Circuit's holding in Arrington, is not controlling on this court. See e.g., Virginia Soc'y for Human Life, Inc. v. Fed. Election Comm'n, 263 F.3d 379, 393 (4th Cir. 2001) (invalidating nationwide injunction explaining that "broad scope of the injunction has the effect of precluding other circuits from ruling on the constitutionality of [a federal regulation]. Such a result conflicts with the principle that a federal court of appeals's decision is only binding within its circuit.") Accordingly, Ortiz must exhaust his claim. Based on the foregoing, this objection is without merit.

Second, Ortiz objects to the magistrate judge's conclusion that the petition fails to state a Due Process claim. Ortiz alleges that a three-part procedure is due to him to ensure that he is "free from arbitrary treatment [because he] was arbitrarily denied eligibility of the congressionally enacted incentive statute 18 USC § 3621(e)." (Objections 5.) "The Due Process Clause applies when government action deprives a person of liberty or property." Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979).

4

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence . . . .  The conviction, with all its procedural safeguards, has extinguished that liberty right:  Given a valid conviction, the criminal defendant has been constitutionally deprived of his liberty."  Id.  (internal quotation marks omitted).

As the magistrate judge explains, Ortiz "does not have a liberty interest in consideration for early release under 18 U.S.C. § 3621(e) for completion of the RDAP, nor is any property interest identified."  (Report & Recommendation 4.)  Further, Ortiz has not alleged that he has completed the RDAP program and was then denied consideration for early release.  Accordingly, Ortiz's objection is without merit.

Lastly, Ortiz claims that his right to equal protection of the laws has been violated because the assertion that the Ninth Circuit's holding "only applies to prisons in California, Alaska, Arizona, Guam, Hawaii, Idaho, Montana, Nevada, Oregon and Washington, but does not apply to prisons in any other part of the nation, is by far the most ridiculous and egregious violation of the equal protection clause that Bureau of Prison could commit."  (Objections 7.)  "Most of the courts outside of the Ninth Circuit which have considered the validity of [28 C.F.R. § 550.58] in light of Arrington have found the decision not to be persuasive and have declined to follow it."  Snipe v. Dept. of Justice, No. 3:08-CV-22, 2008 WL 5412868, at *3 (N.D. W. Va. Dec. 23, 2008).  Furthermore, the United States Supreme Court has held that 28 C.F.R. § 550.58 is a permissible exercise of the BOP's discretion under § 3621(e)(2)(B).  Lopez v. Davis, 531 U.S. 230, 239-44 (2001).  Accordingly, the application of § 550.58 to inmates outside of the Ninth Circuit such as Ortiz does not constitute a violation of the right to equal protection.

5

Hence, Ortiz's objection fails. After a thorough review of the magistrate judge's Report and the record in this case, the court adopts the magistrate judge's Report and Recommendation.

It is therefore

**ORDERED** that Ortiz's § 2241 petition is dismissed without prejudice and without requiring a response from Respondent.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
January 9, 2009

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.